ARAPAHOE STATE BANK, APPELLANT, V. LOLA H. MC-
KENNA, APPELLEE.

FILED JUNE 16, 1913. No. 17,247.

Appeal: RECORD. The condition of the record, as shown in the opin-
ion, *held* to contain no preju⁴icial error.

APPEAL from the district court for Furnas county:
ROBERT C. ORR, JUDGE. *Affirmed.*

*Morning & Ledwith* and *F. W. Byrd,* for appellant.

*W. S. Morlan, contra.*

FAWCETT, J.

Plaintiff brought suit in the district court for Furnas
county to recover balance due on a promissory note. The
defense relied upon by defendant is that plaintiff and
other creditors obtained from her a transfer of all her prop-
erty under an agreement that such property, when de-
livered to one Finch, trustee, should be accepted by such
creditors in full settlement of their demands. There was
a trial to a jury. Verdict and judgment for defendant,
and plaintiff appeals.

The grounds relied upon in plaintiff's brief for a re-
versal are: "(1) That the verdict is absolutely unsup-
ported by the evidence. (2) That the court erred in giv-
ing instruction No. 4, there being no evidence tending to
establish any of the questions of fact therein involved.
(3) The court erred in permitting the introduction of
the petition above referred to in evidence." The bill of
exceptions contains 15 closely written pages of testimony,
and a number of exhibits. The abstract of the same, omit-
ting the conclusions of counsel, is less than one page.
None of the exhibits is abstracted, nor is the testimony
of the witnesses sufficiently set out to give the court any
fair understanding of the case. We have examined the
bill of exceptions far enough to show that the abstract

does injustice to defendant, when it states: "There is nothing in the record except the contents of the answer written by Morlan that even indicates an agreement to accept the property of the defendant in full discharge of the debts due the creditors." On page 14 of the bill of exceptions defendant testifies that, when plaintiffs were trying to induce her to sign the trust deed of all of her property to Finch, "they said if I would sign that trust deed they would leave my property alone, and they wouldn't bother my property, and I would have some money left." We cannot say from the record presented to us that the verdict is not sustained by the evidence.

By instruction No. 4, complained of, the court instructed the jury: "If you find from the evidence that the plaintiff secured the execution of the trust deed introduced in evidence through and by representations that it was to defendant's interest to execute the same, and that she would be relieved the same as if she was adjudged a bankrupt, or if it was agreed between plaintiff and defendant that she should execute the said trust deed and that the same should be taken as payment of defendant's indebtedness, then your verdict should be for the defendant." The testimony of defendant, quoted above, fairly sustains the allegation of her answer, and justified the giving of instruction No. 4. The third assignment, that the court erred in permitting the introduction of certain exhibits, cannot be considered, as neither the exhibits nor their substance are set out in the abstract.

Plaintiff having failed to point out any prejudicial error, the judgment of the district court is

AFFIRMED.

LETTON, ROSE and HAMER, JJ., not sitting.